# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THANH Q. DAM, et al.,

    Plaintiff(s),

v.

WILLIAM BARR, et al.,

    Defendant(s).

Case No.: 2:19-cv-01701-GMN-NJK

**ORDER**

(Docket No. 21)

Pending before the Court is Defendants' motion to file administrative record under seal. Docket No. 21. Defendants submit:

- that the more than 3000-page "administrative record in this case is taken from both the report of proceedings and the 'A-file'" and contains both "protected health care information" and "personal ident[ity] information;"
- that "redaction of the sensitive information is not practicable without considerable difficulty and risk of obscuring the meaning of some of [the] documents;" and
- that Defendants' counsel "has discussed this motion with counsel for Plaintiff[s], who did not have an objection to filing the administrative record under seal."

*Id.* at 2; *see also* Docket No. 21-1 at 2.

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to file documents under seal must overcome that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). The standard for a motion to seal turns on whether the sealed materials relate to a

dispositive or non-dispositive motion. *See Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097–99 (9th Cir. 2016). The administrative record at issue will form the basis of the parties' motions for summary judgment. *See* Docket No. 18 at 4. Therefore, the Court finds that the administrative record Defendants seek to seal relates to a dispositive motion.

To overcome the strong presumption of public access to judicial records when seeking to seal a judicial record related to a dispositive motion, a party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Kamakana*, 447 F.3d at 1178–79 (internal citations, quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might [] become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* A court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179.

The Court finds that the "compelling reasons" standard is met here. Public disclosure of protected health care information and personal identity information—including "passports, driver licenses, tax information, identification cards, and other documents containing sensitive personal ident[ity] information"—would put Plaintiffs at risk of that information being used for improper purposes and identity-theft related harms. The Court also finds that redaction is impracticable based on Defendants' representation and its own review of the index to the administrative record.

Accordingly, the Court **GRANTS** Defendants' motion to file administrative record under seal. Docket No. 21. However, Defendants do not request, or attempt to justify, sealing their

motion at Docket No. 21.  The Court thus **INSTRUCTS** the Clerk of the Court to unseal Docket No. 21 in its entirety.

    IT IS SO ORDERED.

    Dated: July 14, 2020

                                                                                           Nancy J. Koppe
                                                                                        United States Magistrate Judge